**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION FILE NO.** |
| | : | **1:18-cv-00651-WSD-AJB** |
| **v.** | : | |
| | : | |
| **JUMAIKA HENLEY and others,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| **MICHELLE JONES,** | : | |
| | : | |
| **Movant.** | : | |

**UNITED STATES MAGISTRATE JUDGE'S
<u>FINAL REPORT & RECOMMENDATION</u>**

This matter has been submitted to the undersigned upon Movant Michelle Jones'

application to proceed *in forma pauperis* ("IFP") and notice of removal. [Doc. 1].

Having granted Movant's IFP application, [Doc. __], the undersigned now conducts a

frivolity review. For the foregoing reasons, the undersigned **RECOMMENDS** that this

matter be **REMANDED** to the Magistrate Court of Cobb County.

AO 72A
(Rev.8/8
2)

## I.      Introduction

On January 2, 2018, Plaintiff filed a dispossessory proceeding against Jumaika Henley ("Defendant") and all others in the Magistrate Court of Cobb County, alleging that Defendant was a tenant at sufferance following a foreclosure sale and seeking possession of the premises at 1632 Parkside Village Way, NW, Marietta, GA 30060 ("the Property").  [Doc. 1-1 at 33-4].[1]  On February 2, 2018, the Magistrate Court of Cobb County entered a judgment in favor of Plaintiff, ordered that a writ of possession be issued *instanter*, and ordered that, if Defendant sought to appeal the case, she must pay into the court registry, at the time of the appeal, the court filing fees as well as $2,426,67 representing the remaining balance of the current month's rent and $2,800 representing the continuing monthly rent.  [*Id.* at 32].

On February 12, 2018, Movant filed a "motion to vacate void judgment, set aside dispossessory judgment and stay writ of possession." [*Id.* at 22]. Jones argued that she is a lien holder and "holds legal title to the property at "632 Parkside Village Way, Marietta, GA 30060." [*Id.* at 23].  She also made many bizarre and factually unsupported arguments, including that she is a sovereign citizen and that the Cobb

---

[1]      The Magistrate Court of Cobb County assigned the case No. 18E00045. [Doc. 1-1 at 33].

County Judge perjured himself and violated the Code of Judicial Conduct.  [*Id.* at 22-25].

On February 13, 2018, Movant removed the state court action to this Court, contending that this Court has federal-question jurisdiction to hear this dispute based upon 28 U.S.C. §§ 1331, 1354, 1355(a), 1372(1), 3729, and 3722.  [*Id.* at 3].  She also contends that diversity citizenship exists between the parties, as Plaintiff is headquartered in Texas and she is a resident of Georgia.  [*Id.* at 2-3].

## II.    *Frivolity Determination*

### A.    **Legal Standards**

Having found that Movant is entitled to proceed IFP, the Court must conduct a frivolity review.  Under 28 U.S.C. § 1915(e)(2)(B), a "district court must dismiss an *in forma pauperis* complaint at any time if it determines that the action 'is frivolous or malicious.' "  *Jackson v. Farmers Ins. Group/Fire Ins. Exchange*, 391 Fed. Appx. 854, 856 (11th Cir. Aug. 12, 2010) (quoting § 1915(e)(2)(B)(i)); *Robert v. Garrett*, No. 3:07-cv-625, 2007 WL 2320064, *1 (M.D. Ala. Aug. 10, 2007) (observing that court must "*sua sponte* dismiss [an indigent non-prisoner's] complaint or any portion thereof which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune"); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  A claim is frivolous

AO 72A
(Rev.8/8
2)

under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.' " *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (11th Cir. 1989) (holding that a complaint "is frivolous where it lacks an arguable basis either in law or in fact"). "A case is frivolous if the factual allegations are 'clearly baseless,' or if it is based on an 'indisputably meritless' legal theory. *Jackson*, 391 Fed. Appx. at 856 (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)) (quotation marks omitted in original). Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Bilal*, 251 F.3d at 1349 (quoting *Neitzke*, 490 U.S. at 327).

A complaint is deemed "frivolous" under § 1915 where there is no subject matter jurisdiction. *Davis v. Ryan Oaks Apartment*, 357 Fed. Appx. 237, 238-39 (11th Cir. Dec. 17, 2009); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." (citation omitted)); *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing the general proposition that a complaint

4

should be dismissed as frivolous under § 1915 where subject matter jurisdiction is lacking).

Independent of the Court's duty under § 1915(e) to evaluate the claim of a party proceeding IFP, the Court also has an obligation to insure that subject matter jurisdiction exists. " 'Subject matter jurisdiction . . . refers to a tribunal's power to hear a case.' " *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 891 (11th Cir. 2013) (quoting *Morrison v. Nat'l Australia Bank, Ltd.*, 561 U.S. 247, 254  (2010)). "As the Federal Rules of Civil Procedure state, 'If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.' " *Williams v. Warden, Federal Bureau of Prisons*, 713 F.3d 1332, 1337-38 (11th Cir. 2013) (quoting Fed. R. Civ. P. 12(h)(3)); *accord Gonzalez v. Thaler*, 586 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."); *id.* ("Subject-matter jurisdiction can never be waived or forfeited."); *see also Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) ("Federal courts are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking.") (quotation marks omitted).

The Court must liberally construe *pro se* pleadings, holding them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation omitted). However, the leniency afforded *pro se* litigants does not give the courts license to serve as *de facto* counsel or permit them to rewrite an otherwise deficient pleading in order to sustain an action. *Hudson v. Middle Flint Behavioral Healthcare*, 522 Fed. Appx. 594, 596 (11th Cir. June 20, 2013) (citing *GJR Inv., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Moreover, "[l]iberal construction has its limits . . . and this court may not rewrite an otherwise deficient [pleading] in order to create jurisdiction." *In re Davis*, 237 B.R. 177, 181 (M.D. Ala. 1999) (citing *GJR Inv., Inc.*, 132 F.3d at 1369; *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993)).

A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). Thus, a district court lacks subject-matter jurisdiction over a removal action when it does not have "original jurisdiction over the *plaintiff's* claims." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (emphasis added). Said another way, removal is proper if the *plaintiff's* case originally could have been filed in federal court. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). While a defendant is entitled

6

to remove to the appropriate federal district court any civil action over which district courts have original jurisdiction, *see* 28 U.S.C. §§ 1331 and 1441(a), a plaintiff "is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." *Hill v. BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (citation omitted).

Original jurisdiction under § 1441 arises if there is diversity of citizenship or the complaint presents a federal question. *See* 28 U.S.C. § 1441(b); *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352 n.2 (11th Cir. 2003); *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). "The district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Further, "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). Because removal from a state court constitutes an infringement upon state sovereignty, the removal requirements

7

must be strictly construed and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411.

### B.   Subject Matter Jurisdiction

#### 1.   *Federal-question jurisdiction*

A federal question exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998). "To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal." *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 430-31 (1999); *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003) ("[U]nless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on [a federal question] basis, even though a possible defense might involve a federal question."); *Vaden v. Discover Bank*, 556 U.S. 49, 56 (2009) (federal jurisdiction cannot be predicated on an actual or anticipated defense or counterclaim); *Holmes*

*Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002); *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998); *Kemp v. Int'l Bus. Mach. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997) ("Because a federal question must appear on the face of the plaintiff's complaint to satisfy the well-pleaded complaint rule, a defense which presents a federal question can not create removal jurisdiction. Thus, a case may not be removed to federal court on the ground of a federal question defense alone, even if that defense is valid."). The removing party bears the burden of proving that a federal question exists. *See Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005); *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Plaintiff's complaint, [Doc. 1-1 at 33], asserts no more than claims for possession and back rent, decidedly state-law claims. *See Nguyen v. Cade*, No. 1:16-CV-01076-TWT-AJB, 2016 WL 3023884, at *3 (N.D. Ga. Apr. 7, 2016) (R&R), *adopted at* 2016 WL 2998003 (N.D. Ga. May 25, 2016); *see also CF Lane, LLC v. Bynum*, No. 1:14-cv-2167-WSD, 2014 WL 3397627, at *2 (N.D. Ga. July 11, 2014) ("Plaintiff's Complaint is a dispossessory warrant which is based solely on state law."); *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) ("[T]he dispossessory claim that forms the basis of this action is exclusively a matter of state

AO 72A
(Rev.8/8
2)

law.") (Batten, J.).  Thus, removal on the basis of federal-question jurisdiction is not available.

To the extent that Movant is trying to assert as a defense that Plaintiff did not comply with the United States Constitution or statutes, a federal question presented as a defense is not a proper basis for removal of a complaint.  *Pretka v. Kolter City Plaza II. Inc.*, 608 F.3d 744, 766 n.20 (11ᵗʰ Cir. 2010); *Kemp*, 109 F.3d at 712 ("Because a federal question must appear on the face of the plaintiff's complaint to satisfy the well-pleaded complaint rule, a defense which presents a federal question can not create removal jurisdiction.  Thus, a case may not be removed to federal court on the ground of a federal question defense alone, even if that defense is valid.").  Since any potential federal law issues are related only to Movant's alleged defenses, no federal law is an essential element of Plaintiff's state law claim.  As a result, there is no federal-question subject-matter jurisdiction supporting the removal.

### 2.    *Diversity-of-citizenship jurisdiction*

Under 28 U.S.C. § 1332, district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.  28 U.S.C. § 1332(a).  Because the relevant inquiry on whether removal is proper is whether the case could have originally been brought

AO 72A
(Rev.8/8
2)

in district court, the Court looks to the plaintiffs' complaint to determine if removal was appropriate. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11ᵗʰ Cir. 1994). Counterclaims should not be considered in the calculation of the amount in controversy in a removal action because they are not a part of the plaintiffs' complaint. *First Guar. Bank & Trust Co. v. Reeves*, 86 F. Supp. 2d 1147, 1153 (M.D. Fla. 2000); *Conference Am., Inc. v. Q.E.D. Int'l, Inc.*, 50 F. Supp. 2d 1239, 1241–43 (M.D. Ala. 1999) (counterclaims cannot be considered in determining whether the amount in controversy requirement has been met). The sufficiency of the amount in controversy is measured at the time of filing of the complaint. *Travelers Ins. Co. v. Greenfield*, 154 F.2d 950, 952 (5ᵗʰ Cir. 1946)[2]; *see also St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 293 (1938) (amount in controversy is judged at the time of filing; subsequent events will defeat jurisdiction only if they show the plaintiff lacked good faith in claiming the higher amount at the time of filing); *Grinnell Mutual Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1116 (7ᵗʰ Cir. 1997).

Movant contends that Plaintiff is not a citizen of Georgia. [Docs. 1-1 at 3]. However, Movant also alleges that she is a citizen of this state. [*Id.*]. Under

---

[2]     In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11ᵗʰ Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

11

28 U.S.C. § 1441, diversity between parties does not provide a basis for removal if any properly-joined party in interest joined as a defendant is a citizen of the state in which the action is brought. See 28 U.S.C. § 1441(b)(2).  This is so even if the general requirements for diversity jurisdiction are satisfied.  *See Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89-90 (2005) ("When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed.")). Accordingly, this action must be remanded to state court.

Even if the "forum defendant rule" did not mandate removal, the underlying case must still meet the amount-in-controversy requirement.  Here, the activity about which Plaintiff complains appears to be a garden-variety action to regain possession of a premises.  [*See* Doc. 1-1 at 33].  A dispossessory proceeding is a dispute over the limited right to possession, and not a dispute over ownership.  *Novastar Mortg., Inc. v. Bennett*, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001) (Pannell, J.) *aff'd*, 35 Fed. Appx. 858 (11th Cir. Apr. 16, 2002).  Thus, "[t]he amount claimed by the plaintiff cannot be measured by the value of the underlying land."  *Id.*  Plaintiff has neither argued, nor provided any information indicating that the value of its right to

12

possession of the Property exceeds $75,000. Nor is there an indication that the amount of back rent equals or exceeds the statutory amount in controversy. [See Doc. 1-1 at 32]. Thus, Movant's removal of Plaintiff's complaint on the basis of diversity of citizenship is invalid because the amount in controversy as reflected in Plaintiff's complaint does not exceed $75,000. Accordingly, the Court lacks jurisdiction based on diversity of citizenship.

Because the Court lacks subject matter jurisdiction, this matter is frivolous and must be removed to state court.

### C.     Standing

Even if the Court had subject matter jurisdiction over this matter, Movant has not demonstrated standing and thus this case is frivolous.

Litigants must show the court that their claim presents the court with a case or controversy under the Constitution and meets the "irreducible constitutional minimum of standing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing is a jurisdictional requirement, and the Court must address it *sua sponte*. *In Re J.H. Inv. Servs., Inc.*, 413 Fed. Appx. 142, 148 (11th Cir. Feb. 3, 2011) (citing *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 807 n.9 (11th Cir. 1993)); *see also AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*,

13

494 F.3d 1356, 1359-60 (11th Cir. 2007) (holding that standing is a jurisdictional requirement, a court is obligated to consider this issue *sua sponte*).  Standing presents a "threshold jurisdictional question of whether a court may consider the merits of a dispute." *Elend v. Basham*, 471 F.3d 1199, 1204 (11th Cir. 2006).  "[T]he question is whether the person whose standing is challenged is a proper party to request an adjudication of a particular issue and not whether the issue itself is justiciable." *Flast v. Cohen*, 392 U.S. 83, 99 (1968).

"[S]tanding contains three elements." *Lujan*, 504 U.S. at 560.  First, a plaintiff must show that he has suffered an "injury" in fact.  *Id.*  He must have suffered "a harm that is both 'concrete' and 'actual or imminent, not conjectural or hypothetical.' " *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)).  Second, a plaintiff must establish a causal connection between the alleged injury and the conduct of which he complains.  *Lujan*, *id.*  That is, the injury must be "fairly traceable" to the defendant's actions.  *Id.*   Third, a plaintiff must demonstrate that the injury is redressable in this action.  *Vt. Agency*, 529 U.S. at 771.  Additionally, standing had to exist when the suit was filed, not arise later.  *ACLU of Fla., Inc. v. Dixie County, Fla.*, 690 F.3d 1244, 1257 n.5 (11th Cir. 2012); *see also Friends of the Earth, Inc. v. Laidlaw*

14

AO 72A
(Rev.8/8
2)

*Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000) ("[W]e have an obligation to assure ourselves that [the plaintiff] had Article III standing at the outset of the litigation."). "It is not enough for Plaintiff to try to establish, in terms of shifting reality, the requirements of standing as the case progresses through the federal courts." *ACLU of Fla., Inc.*, *id.*

Here, Henley is the named Defendant in this case, but only Jones filed an application to proceed IFP, sought removal, and signed the Notice of Removal ("the Notice"). [Doc. 1-1 at 1-10]. Although Jones styles herself in the case caption as a "Lien Holder and Party of Interest," nothing in the Notice itself explains who Jones is, what her relationship to the underlying state lawsuit is, or why she has standing to remove the case. [*Id.*]. Indeed, Movant's petition for removal is utterly devoid of factual content and appears to be a nonsensical motley of citations to federal statutes and legal conclusions. [*Id.*]. Accordingly, Movant has not identified an actual harm she suffered, that was caused by Plaintiff's actions, which this Court can redress and, therefore, has not established standing. As a result, Movant's claims are frivolous.

**D.    *Rooker-Feldman***

Finally, even if the Court had subject matter jurisdiction and Movant had shown standing, she cannot challenge the judgment entered in state court in federal court

15

because such a challenge is barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280 (2005) ("*Rooker-Feldman* . . . is a narrow doctrine, confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' "); *Alvarez v. Attorney Gen. for Fla.*, 679 F.3d 1257, 1262 (11th Cir. 2012) (the *Rooker-Feldman* doctrine "is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments").

As a result, the *Rooker-Feldman* doctrine requires this Court to conclude that jurisdiction is lacking, and thus Movant's removal is frivolous, and therefore, the case is subject to remand to the Magistrate Court of Cobb County.

## III.   Conclusion

For the reasons stated above, the undersigned **RECOMMENDS** that the District Judge conclude that it lacks subject matter jurisdiction over Movant's removal petition, Movant lacks standing to bring this action, and the *Rooker-Feldman* doctrine deprives this Court of jurisdiction, and thus Movant's petition is frivolous; and as a result, this action must be **REMANDED** to the Magistrate Court of Cobb County.

AO 72A
(Rev.8/8
2)

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS RECOMMENDED and DIRECTED**, this the 20th day of February, 2018.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

17